IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02816-PAB-MEH

AIMEE DEBACA,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

    Defendant.

---

# ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6). Docket No. 9. Defendant, American Bankers Insurance Company of Florida, seeks an order dismissing two of plaintiff's claims as time-barred. *Id.* at 6-7. The Court has jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND[1]

On November 30, 2016, plaintiff was involved in a motor vehicle collision with an underinsured motorist. Docket No. 4 at 2, ¶ 4. Plaintiff suffered serious physical injuries as a result of the collision. *Id.*, ¶ 11. Plaintiff had primary UIM benefits insurance through non-party, USAA. Docket No. 9 at 2, ¶ 2. Plaintiff also had UIM coverage based on a contract with defendant that required that defendant "pay UIM benefits to Plaintiff in a sum equal to the amount of compensatory damages that she is legally

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 4, and are presumed to be true for purposes of ruling on defendant's motion to dismiss.

entitled to recover from []the underinsured driver[] as a result of the collision, less [the driver's] $25,000 liability insurance limits and less USAA's $300,000 underinsured limits, up to the $100,000 additional UIM policy limit under Defendant's UIM Policy."  Docket No. 4 at 3, ¶ 16.

Plaintiff's damages exceeded the underinsured motorist's insurance limits and the plaintiff's USAA limits.  *Id.* at 2, ¶ 15.  On May 4, 2017, plaintiff submitted a UIM demand to defendant.  *Id.* at 3, ¶ 18.  Plaintiff's demand letter included documentation of her medical bills, injuries, physical impairment, and continuing cognitive issues.  *Id.*, ¶¶ 19-22.  The letter requested a response by May 7, 2017.  *Id.*, ¶ 23.  Defendant did not respond to plaintiff's letter by May 7, 2017.  *Id.*, ¶ 24.

On June 9, 2017, plaintiff's counsel faxed a letter to defendant asking if it had received plaintiff's demand letter.  *Id.*, ¶ 25.  Defendant responded to the faxed letter on June 16, 2017, stating that it needed documentation of the disposition of plaintiff's UIM claim with USAA.  *Id.* at 4, ¶ 26.  Plaintiff sent the documents defendant requested on July 10, 2017.  *Id.*, ¶ 27.  On July 13, 2017, plaintiff's counsel sent another letter to defendant indicating plaintiff had yet to receive a response to her first demand letter and gave a final deadline for a response of July 21, 2017.  *Id.*, ¶ 28.

On July 20, 2017, defendant asked plaintiff for more documentation, indicating that it had not received the documents attached to plaintiff's first demand letter.  *Id.*, ¶ 29.  Plaintiff asked defendant for clarification on what documentation was necessary, and defendant responded.  *Id.*, ¶¶ 30-32.  On October 17, 2017, plaintiff resent the materials defendant requested.  *Id.*, ¶ 33.  On November 1, 2017, defendant referred plaintiff's claim to legal counsel, who requested that plaintiff allow defendant a two-week

2

extension to respond to plaintiff's demand in order to allow counsel time to review her documentation.  *Id.*, ¶ 34.  Plaintiff's counsel agreed to a two-week extension.  *Id.*

On April 23, 2019, counsel for defendant sent plaintiff's counsel a letter requesting updated medical records and that plaintiff undergo an independent medical evaluation with a doctor defendant selected.  *Id.*, ¶ 35.  Plaintiff's counsel responded with the requested documentation on April 26, 2019.  *Id.*, ¶ 36.  For the remainder of 2019 and throughout 2020, defendant requested further documentation from plaintiff, which she provided.  *Id.* at 4-7, ¶¶ 37-65.

On February 4, 2021, defendant sent plaintiff's counsel a letter asserting that plaintiff had been fully compensated by her previous settlements and denying plaintiff's request for UIM benefits.  *Id.* at 7, ¶¶ 69-70.  On August 13, 2021, Plaintiff filed this action in the district court for the City and County of Denver, Colorado bringing claims for breach of contract, statutory bad faith, and common law bad faith against defendant based on its denial of her UIM benefits.  *See* Docket No. 4 at 1.  Defendant moves to dismiss both of plaintiff's bad faith claims as barred by the statute of limitations.  Docket No. 9 at 2.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Id.* at 1191 (quotations

3

omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).  An affirmative defense, such as the statute of limitations, may be considered on a motion to dismiss under Rule 12(b)(6) only when a plaintiff admits every element of the affirmative defense in the complaint.  *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

III.  **ANALYSIS**

A.  <u>**Consideration of Exhibits**</u>

As a preliminary matter, the Court must determine whether to consider defendant's exhibits to its motion to dismiss, which are a July 13, 2017 letter from plaintiff's counsel to defendant requesting that defendant respond to plaintiff's demand for benefits and defendant's July 24, 2017 response to plaintiff's letter.  Docket Nos. 9-1, 9-2.  Plaintiff appears not to oppose defendant's request that the Court consider the letters and, in fact, cites them herself.  *See* Docket No. 17 at 2-3.  Plaintiff also attaches exhibits to her response, namely, two emails from defendant's counsel to plaintiff's counsel dated November 2, 2017 and October 6, 2019.[2]  Docket Nos. 17-1, 17-4.

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also exhibits to the complaint and documents

---

[2] Defendant does not appear to contest plaintiff's inclusion of these exhibits.  *See* Docket No. 19 at 3-5.

incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

The complaint states, "[o]n July 13, 2017, Plaintiff's counsel sent a letter to Defendant indicating Plaintiff had yet to receive a response to the time limited demand and gave a final deadline for a response of July 21, 2017" and "[o]n July 20, 2017, Defendant sent Plaintiff a letter indicating they [sic] had not received the completed medical records or bills, despite confirmation from USPS that the demand was delivered on May 8, 2017." Docket No. 4 at 4, ¶¶ 28-29. Despite the discrepancy between the date of defendant's letter in the complaint, July 20, 2017, as compared to the exhibit, July 24, 2017, the Court finds that defendant's exhibits are the documents referenced in plaintiff's complaint. Additionally, the complaint states that defendant's counsel requested a two-week extension to review plaintiff's medical records, *id.*, ¶¶ 34-36, and alleges that "[o]n October 6, 2019, [defendant's counsel] sent Plaintiff's counsel an email outlining several documents needed for the carrier to fully evaluate Plaintiff's claim." *Id.* at 5, ¶ 41. The Court finds that plaintiff's exhibits are also directly referenced in the complaint. Because the exhibits are directly referenced in the complaint and because the correspondence is central to plaintiff's claim, the Court finds that the documents may be considered without converting the motion into one for summary judgment. *See Irey v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01324-RBJ, 2020 WL 3577736, at *2 (D. Colo. July 1, 2020) (considering State Farm's letter to insured that gave dollar amount insured claimed State Farm agreed was owed in UIM damages at motion to dismiss stage).

### B.  Statute of Limitations

Plaintiff's second claim for relief is that defendant unreasonably delayed or denied UIM benefits owed to plaintiff in violation of Colo. Rev. Stat. § 10-3-1115 for statutory bad faith.  Docket No. 4 at 8, ¶¶ 85-87.  Plaintiff's third claim for relief is that defendant unreasonably delayed or denied UIM benefits owed to plaintiff in violation of Colorado common law.  *Id.* at 8-9, ¶¶ 88-91.  Colo. Rev. Stat. § 10-3-1115 provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a).  To prove a statutory bad faith violation, a plaintiff must show that: (1) benefits were owed under the policy; and (2) defendant unreasonably delayed or denied payment of plaintiff's claim.  *See* Colo. Rev. Stat. § 10-3-1115; *Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015) ("[I]n order to prevail on its statutory unreasonable delay/denial claim, [plaintiff] first has to prove entitlement to benefits."). For an insured to prevail on a common-law bad faith claim, the insured must prove that (1) the insurer's conduct was unreasonable and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable.  *Vansky v. State Farm Auto. Ins. Co.*, No. 20-cv-01062-PAB-NRN, 2022 WL 900160, at *9 (D. Colo. March 28, 2022) (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985); *Dale v. Guar. Nat' l Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997)).  A two-year statute of limitations applies to both statutory and common law bad faith claims.  *Wardcraft Homes, Inc. v. Emps. Mut. Cas. Co.*, 70 F. Supp. 3d 1198, 1212-13 (D. Colo. 2014).

Defendant moves for dismissal of plaintiff's bad faith claims on the grounds that the applicable statute of limitations bars them.  Docket No. 9 at 10-15.  The statute of

6

limitations is an affirmative defense that the defendant must raise at the pleading stage of litigation. *Fernandez*, 883 F.3d at 1298-99. Although a plaintiff is not required to anticipate defenses in the complaint, *id.* at 1299, "when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements," a complaint can be properly dismissed based on the affirmative defense. *Id.* (citing *Xechem*, 372 F.3d at 901). Regarding the statute of limitations, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citing *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 597 (4th Cir. 1976)).

      To determine whether the statute of limitations has run, the Court asks when the cause of action accrued. Under Colorado law, a "cause of action accrues on the date when 'the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.'" *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 491 (Colo. App. 2008) (quoting Colo. Rev. Stat. § 13-80-108(8)). A bad faith cause of action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Wardcraft*, 70 F. Supp. 3d at 1212. "If the action accrues at the point when payment is refused, the elements of the tort are satisfied on such refusal, and the continuing condition of nonpayment cannot be a predicate to a bad faith cause of action." *Cork v. Sentry Ins.*, 194 P.3d 422, 428 (Colo. App. 2008) (quoting *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984)) (emphasis

omitted).  Statutory bad faith claims "accrue in the same manner as [common law] bad faith claims."  *Wardcraft*, 70 F. Supp. 3d at 1213.

Defendant argues that plaintiff's claim accrued in July 2017, or at the latest, in November 2017, based on plaintiff's repeated demands for UIM benefits and defendant's extended lack of communication with plaintiff.[3]  Docket No. 9 at 8-10.  Defendant relies on *Gargano v. Owners Ins. Co.*, 623 F. App'x 921 (10th Cir. 2015) (unpublished), for the proposition that "the lack of communication by [American Bankers] to [Plaintiff] [] should have put her on notice that [American Bankers] was not processing her [UIM] claim."  Docket No. 9 at 10 (quoting *Gargano*, 623 F. App'x at 929).  However, *Gargano* is distinguishable.[4]  In *Gargano*, plaintiff filed a UIM claim with her insurer and heard nothing back.  623 F. App'x at 929.  The court ruled that she had no reason to believe the insurance company was actively investigating her claim.  *Id.* ("Owners' cessation of payments for Gargano's medical expenses in August 2009, followed by its complete lack of communication to Gargano regarding her UM claim, (despite her continuing to provide Owners with information on her medical care), should have caused her to inquire about the status of her UM claim.").  Here, in the two years after July 2017, the complaint alleges that defendant, rather than remaining silent, requested additional information from plaintiff to investigate her UIM claim and did not formally deny plaintiff's claim until 2021.  *See* Docket No. 4 at 4, ¶¶ 26-37.  In fact,

---

[3] Defendant does not argue that plaintiff's claims are barred only to the extent they allege defendant's delay was unreasonable.  Defendant argues that plaintiff's bad faith claims are time-barred in their entirety.  Docket No. 9 at 12.

[4] Neither side argues or addresses whether claims for delay of benefits should be analyzed separately for statute of limitations purposes from plaintiff's claim for denial of benefits, and therefore the Court does not discuss that issue.

defendant attaches a letter from defendant to plaintiff dated July 24, 2017 indicating that once plaintiff provides defendant with records it "will proceed in completing the evaluation of [plaintiff's] claim."  Docket No. 9-2 at 1.

Thus, rather than remaining silent, defendant was corresponding with plaintiff about the claim and indicating that it would evaluate the claim based on information that defendant requested.  Unlike *Gargano*, defendant points to nothing that should have put plaintiff on notice that defendant had denied her UIM claim.[5]

The Court finds that the complaint itself does not admit all the elements of the affirmative defense of the statute of limitations and, as a result, dismissal is inappropriate.

---

[5] Defendant cites *Steeplechase II Condo. Ass'n, Inc. v. Travelers Indem. Co.*, No. 17-cv-01273-PAB-NRN, 2018 WL 6571392, at *5 (D. Colo. Dec. 13, 2018), in support of the argument that plaintiff could not extend the statute of limitations by continuing to provide information to defendant after November 2017.  Docket No. 9 at 11-12.  However, the insurer in *Steeplechase II* clearly told the policyholder that it would not provide it with a full roof replacement and said nothing inconsistent later.  2018 WL 6571392 at *4-*5.  By contrast, not only did defendant here not deny the claim in 2017, but it repeatedly told plaintiff that it needed more information from plaintiff to evaluate the claim.  Docket No. 4 at 4-5, ¶¶ 29, 31, 34, 38, 41.  Thus, the Court rejects the argument that plaintiff providing information to defendant, often at defendant's request, is analogous to the situation in *Steeplechase II*.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [Docket No. 9] is **DENIED**.

DATED September 7, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge